IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>ADAM STUART VANNOY,<br><br>           Defendant. | **4:21CR3044**<br><br>**FINDINGS, RECOMMENDATION AND ORDER** |

For reasons stated on the record, the undersigned magistrate judge recommended that Defendant's motion to suppress, ([Filing No. 41](#)), be denied. Succinctly summarized, the undersigned magistrate judge finds:

- ➢ On March 14, 2021, at 11:19 a.m., a recorded 911 call was received from a private citizen who:

    - Identified himself by name and by telephone number;

    - Described a white pickup with Colorado license plate "NO HATE" driving eastbound on Interstate 80;

    - Stated he was travelling at a set speed using cruise control;

    - Stated the white pickup was driving dangerously: It had tailgated him, and had passed him twice before passing him at a highly excessive rate of speed, all of which indicated the pickup driver was traveling at various rates of speed, accelerating and decelerating for no apparent purpose;

    - Provided the information immediately after it occurred, and based on his tone and words, indicated the circumstances were urgent and startling; and

    - Stated his mile marker location (380.8) on Interstate 80 just east of Seward, Nebraska.

- ➢ The information received on the 911 call was broadcast by dispatch to the Nebraska Highway Patrol.

- ➢ Nebraska Highway Patrol Officer Jeffrey Dunton responded to this information conveyed to him through dispatch because he was concerned that the pickup driver was impaired or posed a hazard to the safety of himself and others on the road. So, Officer Dunton:

  - Entered Interstate 80 eastbound at mile marker 412 (the Waverly exit) at 11:42 a.m.;

  - Immediately or shortly after entering the interstate, saw an eastbound white pickup with Colorado license plate "NO HATE;"[1] and

  - Pulled into the right lane behind the pickup to follow it.

- ➢ The defendant responded to being followed by the officer by:

  - Steadily slowing to nearly 10 m.p.h. below the posted speed limit; and

  - Activating his right turn signal, indicating he intended to enter the weigh station for trucks.

- ➢ Based on his experience, his observations, and his understanding of the relevant law, the officer knew:

  - the weigh station was closed;

  - the pickup was not required by law to be weighed; and

  - exiting the interstate at a weigh station was highly unusual for anyone other than truck drivers operating large trucks that are subject to weight limitations.

- ➢ Trooper Dunton initiated a traffic stop.

---

[1] Based on the location of the pickup and the time it took to reach that location from mile marker 380.8, the defendant had travelled at an average speed of 80 miles per hour (over the speed limit) since the 911 call was received, further corroborating the 911 caller's statement that the pickup was driving at an excessive rate of speed.

Based on the foregoing, the court finds Trooper Dunton had reasonable suspicion to believe the driver was impaired—either due to drugs, alcohol, fatigue, a medical condition, etc.—or otherwise presented a risk of harm to himself or others travelling on the roadway. The traffic stop did not violate the Fourth Amendment.[2] Navarette v. California, 572 U.S. 393 (2014); United States v. Mosley, 878 F.3d 246, 252 (8th Cir. 2017) ("eyewitness knowledge, contemporaneous reporting, and accountability—weigh in favor of the witness's reliability" and support reasonable suspicion to conduct a traffic stop); United States v. Wheat, 278 F.3d 722, 729 (8th Cir. 2001) (holding "an anonymous tip about the dangerous operation of a vehicle whose innocent details are accurately described" provides "sufficient indicia of reliability to justify an investigatory stop by a law enforcement officer who does not personally observe any erratic driving").

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 41) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **December 6, 2021**, or as soon

---

[2] Defendant's motion also requests suppression under the Fifth and Sixth Amendment. His briefing does not mention these amendments, so any such claims are deemed abandoned. Moreover, under the facts presented, the defendant is not requesting suppression of statements and there is nothing indicating he invoked his right to counsel at any time.

thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

October 28, 2021.                    BY THE COURT:


                                     *s/ Cheryl R. Zwart*
                                     United States Magistrate Judge