IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>ADAM STUART VANNOY,<br><br>               Defendant. | 4:21-CR-3044<br><br>PRELIMINARY ORDER OF FORFEITURE |

    This matter is before the Court on the plaintiff's Amended Motion for Issuance of Preliminary Order of Forfeiture (filing 86). The superseding indictment in this case (filing 28) charged the defendant with, among other things, a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The indictment also contained a forfeiture allegation seeking the forfeiture, pursuant to § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461 of, among other things, a black silencer measuring approximately 9⅝ inches in length, on the basis that it was involved in or used in the knowing commission of the crime charged. Filing 28.

    The defendant has pled guilty to the crime alleged and admitted the forfeiture allegation. Filing 79 at 1; filing 84 at 13. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the property, and the plaintiff should be entitled to possession of the property pursuant to 21 U.S.C. § 853. Therefore, the plaintiff's motion for preliminary order of forfeiture is granted.

    IT IS ORDERED:

    1.    The plaintiff's Amended Motion for Issuance of Preliminary Order of Forfeiture (filing 86) is granted.

2. The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 83) is denied as moot.

3. The plaintiff is authorized to seize the black silencer measuring approximately 9⅝ inches in length.

4. The defendant's interests in the property are forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

5. The property is to be held by the plaintiff in its secure custody and control.

6. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of

perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

8. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

9. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 6th day of April, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge